IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENDO PHARMACEUTICALS INC. and MALLINCKRODT LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| PAR PHARMACEUTICAL COMPANIES, INC. and PAR PHARMACEUTICAL, INC., | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Endo Pharmaceuticals Inc. ("Endo") and Mallinckrodt LLC ("Mallinckrodt"), for their Complaint against Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively "Par" or "Defendants"), allege as follows:

## PARTIES

1.      Plaintiff Endo is a Delaware corporation, having its principal place of business at 1400 Atwater Drive, Malvern, Pennsylvania 19355.  Endo is a specialty pharmaceuticals company engaged in the research, development, sale and marketing of prescription pharmaceuticals used, among other things, to treat and manage pain.  Endo markets and distributes OPANA® ER CRF, an innovative tamper-resistant opioid.

2.      Plaintiff Mallinckrodt is a Delaware company, having its principal place of business at 675 McDonnell Blvd., St. Louis, Missouri 63042.  Mallinckrodt manufactures and distributes products used in diagnostic procedures and in the treatment of pain and related conditions.

3.      Upon information and belief, Par Pharmaceutical Companies, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

4.      Upon information and belief, Par Pharmaceutical Companies, Inc. is a pharmaceutical company engaged in the research, development, manufacturing, marketing, distribution, and sale of prescription pharmaceutical products throughout the United States, including in this judicial district.

5.      Upon information and belief, Par Pharmaceutical, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

6.      Upon information and belief, Par Pharmaceutical, Inc. is a wholly-owned subsidiary of and serves as the generic drug division for Par Pharmaceutical Companies, Inc.

7.      Upon information and belief, the acts of Par Pharmaceutical, Inc. complained of herein were done at the direction of, with the authorization of, and/or with the cooperation, participation, and assistance of, and at least in part for the benefit of, Par Pharmaceutical Companies, Inc.

## NATURE OF ACTION

8.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) (patent infringement), and 28 U.S.C. §§ 2201 and 2202 (declaratory judgment).

10.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

11.      Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. are Delaware corporations and, therefore, are subject to personal jurisdiction in Delaware.

12.      This Court has personal jurisdiction over the Defendants by virtue of the fact that, *inter alia*, they have committed—or aided, abetted, planned, contributed to, or participated in the commission of—tortious conduct in the State of Delaware that has led to foreseeable harm and injury to Endo and Mallinckrodt.

13.      Upon information and belief, Watson Pharmaceuticals, Inc. ("Watson") submitted to FDA paperwork purporting to constitute an Abbreviated New Drug Application ("ANDA") under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j) ("ANDA No. 20-0792"), seeking approval to engage in the commercial manufacture, use, and sale of generic oxymorphone hydrochloride extended-release tablets ("Defendants' Generic Oxymorphone ER Tablets"), as a generic version of the drug described in Endo's Supplemental New Drug Application ("sNDA") 201655.  Watson later sold ANDA No. 20-0792 to Par.

14.      Upon information and belief, ANDA No. 20-0792 was recently approved by the FDA, and Defendants intend to distribute and sell Defendants' Generic Oxymorphone ER Tablets in this judicial district.

15.      Upon information and belief, Par Pharmaceutical, Inc. has submitted to FDA paperwork purporting to constitute an Abbreviated New Drug Application ("ANDA") under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j) ("ANDA No. 20-4340" or "Par's ANDA"), seeking approval to engage in the commercial manufacture, use, and sale of 40 mg oxymorphone hydrochloride extended-release tablets, ("Par's ANDA Product"), as a generic version of the drug described in Endo's Supplemental New Drug Application ("sNDA")

201655.  Upon information and belief, Par Pharmaceutical, Inc.'s actions relating to ANDA No. 20-4340 were done at the direction of and with the authorization, cooperation, participation, and assistance of, and at least in part, for the benefit of Par Pharmaceutical Companies, Inc.

16.     Upon information and belief, Defendants intend to distribute and sell Par's ANDA Product in this judicial district if ANDA No. 20-4340 is approved by FDA.

17.     Moreover, Defendants maintain continuous and systematic contacts with the State of Delaware and this District.

18.     Upon information and belief, Defendants currently sell significant quantities of generic drug products in the District of Delaware.  Those products include, for example, generic versions of Ambien® and Wellbutrin®.  A list of generic products manufactured and sold by Par in the United States is provided by Par at http://www.parpharm.com/generics.

19.     Furthermore, Par has been sued as a patent infringer in this Court, and has declined to contest that this Court has personal jurisdiction over it.  *See, e.g.*, *Astrazeneca AB v. Par Pharm, Inc.*, No. 14-cv-845-GMS; *Otsuka Pharm. Co., Ltd. v. Par Pharm., Inc.*, No. 14-cv-789-RGA.

20.     Based on the facts and causes alleged herein, and for additional reasons to be developed through discovery, this Court has personal jurisdiction over Defendants.

## FACTUAL BACKGROUND

### The Drug Approval Process

21.     A company seeking to market a new drug in the United States must first obtain approval from FDA, typically through the filing of a New Drug Application ("NDA").  *See* 21 U.S.C. § 355(a).

22.     On the other hand, a company seeking to market a generic version of a previously approved drug is not required to submit a full NDA.  Instead, it may file an ANDA.  *See* 21

U.S.C. § 355(j).  The generic drug approval process is considered "abbreviated" because the generic manufacturer may piggyback on the innovator company's data and FDA's prior finding of safety and efficacy by demonstrating, among other things, that the generic product is bioequivalent to the previously approved drug (the "reference listed drug" or "branded drug").

### Endo's Opana ER CRF NDA

23.     On December 12, 2011, FDA approved Endo's Supplemental New Drug Application ("sNDA") 201655, under § 505(b) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(b), for Opana ER CRF, which is designed to be a crush-resistant tablet that contains oxymorphone hydrochloride for the relief of pain.

24.     Opana ER CRF is distributed and sold throughout the United States for relief of moderate to severe pain in patients requiring continuous around-the-clock opioid treatment for an extended period of time.

### THE '737 PATENT

25.     On August 19, 2014, the PTO duly and legally issued U.S. Patent No. 8,808,737 ("the '737 Patent"), entitled "Method of Treating Pain Utilizing Controlled Release Oxymorphone Pharmaceutical Compositions and Instruction on Dosing for Renal Impairment" to Endo Pharmaceuticals Inc. as assignee.  Harry Ahdieh is named as the inventor.  A true and correct copy of the '737 Patent is attached as Exhibit A.

26.     Endo is the sole owner and assignee of the '737 Patent.

27.     Opana ER CRF is covered by one or more claims of the '737 Patent.

28.     Endo has submitted patent information regarding the '737 Patent for listing by the FDA in the Orange Book.  Upon information and belief, the FDA has or will list the '737 Patent in the Orange Book for Opana ER CRF.

## THE '779 PATENT

29.    On October 28, 2014, the PTO duly and legally issued U.S. Patent No. 8,871,779 ("the '779 Patent"), entitled "Process for Preparing Morphinan-6-One Products with Low Levels of α,β-Unsaturated Ketone Compounds" to Mallinckrodt as assignee.  Henry J. Buehler, William E. Dummitt, Anthony Mannino, Dennis C. Aubuchon, and Hong Gu are named as inventors.  A true and correct copy of the '779 Patent is attached as Exhibit B.

30.    Mallinckrodt is the assignee and owner of the '779 Patent.

31.    Endo has an exclusive license to the '779 Patent from Mallinckrodt in the appropriate field of use, including the exclusive right to enforce the '779 Patent in that field.

32.    Opana ER CRF is covered by one or more claims of the '779 Patent.

33.    Endo has submitted patent information regarding the '779 Patent for listing by the FDA in the Orange Book.  Upon information and belief, the FDA has or will list the '779 Patent in the Orange Book for Opana ER CRF.

## PAR'S FIRST ANDA FILING

34.    Before January 19, 2010, Watson Pharmaceuticals, Inc. ("Watson") filed Abbreviated New Drug Application (ANDA No. 20-0792) under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacturing, use, and sale of generic oxymorphone hydrochloride extended release tablets ("Defendants' Generic Oxymorphone ER Tablets") as a generic version of the discontinued, non-crush-resistant formulation of OPANA® ER.

35.    In response, Endo filed suit against Watson in the District of New Jersey alleging infringement of U.S. Patent No. 5,662,933 ("the '933 Patent") and U.S. Patent No. 5,958,456 ("the '456 Patent") by Defendants' Generic Oxymorphone ER Tablets.  *See Endo Pharmaceuticals Inc., et al. v. Watson Pharmaceuticals, Inc*., United States District Court,

6

District of New Jersey, Dkt. No. 10-cv-1242 KSH-PS.   Endo and Watson settled their infringement dispute in October, 2010.   The case was dismissed by Order dated October 21, 2010.   Nothing in the agreement granted Watson any license or other right to practice the inventions claimed in the '737 or '779 Patents.

36.     Upon information and belief, in 2012 Watson sold ANDA No. 20-0792 to Par in accordance with a Consent Agreement with the United States Federal Trade Commission, described at http://www.ftc.gov/opa/2012/10/watson.shtm.

## PAR'S SECOND ANDA FILING

37.     Upon information and belief, some time before November 8, 2012, Par submitted to FDA paperwork purporting to constitute an Abbreviated New Drug Application (ANDA No. 20-4340) under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and sale of oxymorphone hydrochloride extended-release tablets ("Par's ANDA Product"), as a generic version of the drug described in sNDA 201655.

38.     Pursuant to its ANDA, Par is seeking FDA approval to make, use, and sell its ANDA Product prior to expiration of the '737 and '779 Patents.

39.     Endo filed suit against Par in the Southern District of New York, alleging infringement of other patents based on Par's filing of ANDA No. 20-4340.   *See Endo Pharmaceuticals Inc. et al. v. Par Pharmaceutical Companies, Inc., et al.*, 12-cv-09261.

40.     Upon information and belief, Defendants plan to market and sell their ANDA Product described in ANDA No. 20-4340 as a generic substitute for OPANA® ER, and in competition with OPANA® ER CRF.

41.     Defendants' marketing and sale of Par's ANDA Product will cause wholesale drug distributors, prescribing physicians and pharmacies to purchase, prescribe, and dispense in competition with and as a substitute for OPANA® ER CRF.

42.     Defendants' manufacture and sale of Par's ANDA Product will cause Endo to suffer immediate and irreparable harm, including without limitation, irreparable injury to its business reputation and goodwill, lost sales of OPANA® ER CRF, the loss of the benefit of its investment in developing OPANA® ER and the reformulated crush-resistant version of OPANA® ER, and price erosion for OPANA® ER CRF.

## ENDO'S COUNT I:  INFRINGEMENT OF THE '737 PATENT

43.     Endo incorporates each of paragraphs 1-42 above as if set forth fully herein.

44.     Watson's submission of ANDA No. 20-0792 and amendments thereto to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations of which it notified Endo on or about January 19, 2010, under which Par now seeks approval to market Defendants' Generic Oxymorphone ER Tablets prior to expiration of the '737 Patent, constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

45.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' Generic Oxymorphone ER Tablets before expiration of the '737 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '737 Patent under 35 U.S.C. § 271(a)-(c), including without limitation that it will induce physicians and patients to infringe the '737 Patent by performing all of the recited steps of one or more of claims 1–6 of the '737 Patent.

46.     Any such launch by Par of Defendants' Generic Oxymorphone ER Tablets before expiration of the '737 Patent would cause Endo and Mallinckrodt to suffer immediate and irreparable harm.

## ENDO'S COUNT II: DECLARATORY JUDGMENT OF
## <u>INFRINGEMENT OF THE '737 PATENT</u>

47.     Endo incorporates each of paragraphs 1-46 above as if set forth fully herein.

48.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

49.     There is an actual case or controversy such that the Court may entertain Endo's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

50.     Defendants have made and will continue to make substantial preparation in the United States to manufacture, offer to sell, sell and/or import Defendants' Generic Oxymorphone ER Tablets before expiration of the '737 Patent, and further indicate a refusal to change the course of its action in the face of acts by Endo.

51.     Defendants' actions indicate its intention to manufacture, offer to sell, and sell Defendants' Generic Oxymorphone ER Tablets before expiration of the '737 Patent.

52.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' Generic Oxymorphone ER Tablets before expiration of the '737 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '737 Patent under 35 U.S.C. § 271(a)-(c), including without limitation that it will induce physicians and patients to infringe the '737 Patent by performing all of the recited steps of one or more of claims 1–6 of the '737 Patent.

53.     Endo is entitled to a declaratory judgment that any commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' Generic Oxymorphone ER Tablets by Defendants before expiration of the '737 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '737 Patent.

**ENDO AND MALLINCKRODT'S COUNT III:**
**INFRINGEMENT OF THE '779 PATENT**

54.     Endo and Mallinckrodt incorporate each of paragraphs 1-42 above as if set forth fully herein.

55.     Watson's submission of ANDA No. 20-0792 and amendments thereto to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegations of which it notified Endo on or about January 19, 2010, under which Par now seeks approval to market Defendants' Generic Oxymorphone ER Tablets prior to expiration of the '779 Patent, constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

56.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' Generic Oxymorphone ER Tablets before expiration of the '779 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '779 Patent under 35 U.S.C. § 271(a)-(c).

57.     Any launch by Par of its Generic Oxymorphone ER Tablets before expiration of the '779 Patent would cause Endo and Mallinckrodt to suffer immediate and irreparable harm.

58.     Upon information and belief, Defendants are aware of the existence of the '779 Patent, and are aware that the commercial manufacture, sale, and offer for sale of Defendants' Generic Oxymorphone ER Tablets constitutes infringement of the '779 Patent.

**ENDO AND MALLINCKRODT'S COUNT IV:**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '779 PATENT**

59.     Endo and Mallinckrodt incorporate each of paragraphs 1-42 and 54-58 above as if set forth fully herein.

60.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10

61.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

62.     Defendants have made and will continue to make substantial preparation in the United States to manufacture, offer to sell, sell and/or import Defendants' Generic Oxymorphone ER Tablets before expiration of the '779 Patent.

63.     Defendants' actions indicate its intention to manufacture, offer to sell, and sell Defendants' Generic Oxymorphone ER Tablets before expiration of the '779 Patent.

64.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' Generic Oxymorphone ER Tablets before expiration of the '779 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '779 Patent under 35 U.S.C. § 271(a)-(c).

65.     Any launch by Par of its Generic Oxymorphone ER Tablets before expiration of the '779 Patent would cause Endo and Mallinckrodt to suffer immediate and irreparable harm.

66.     Plaintiffs are entitled to a declaratory judgment that any commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' Generic Oxymorphone ER Tablets by Defendants before expiration of the '779 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '779 Patent.

## ENDO'S COUNT V:  INFRINGEMENT OF THE '737 PATENT

67.     Endo incorporates each of paragraphs 1-42 above as if set forth fully herein.

68.     The submission of Par's ANDA No. 20-4340 to FDA constitutes infringement of the '737 Patent under 35 U.S.C. § 271(e)(2)(A).

69.     Par is seeking FDA approval to engage in the commercial manufacture, use, or sale of Par's ANDA Product before expiration of the '737 Patent. On information and belief, if granted approval, Par intends to launch its ANDA Product before expiration of the '737 Patent.

70.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Par's ANDA Product before expiration of the '737 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '737 Patent under 35 U.S.C. § 271(a)-(c), including without limitation that it will induce physicians and patients to infringe the '737 Patent by performing all of the recited steps of one or more of claims 1–6 of the '737 Patent.

71.     Any such launch by Par of its ANDA Product before expiration of the '737 Patent would cause Endo to suffer immediate and irreparable harm.

## ENDO'S COUNT VI: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '737 PATENT

72.     Endo incorporates each of paragraphs 1-42 and 67-71 above as if set forth fully herein.

73.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

74.     There is an actual case or controversy such that the Court may entertain Endo's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

75.     Defendants have made and will continue to make substantial preparation in the United States to manufacture, offer to sell, sell and/or import Par's ANDA Product before expiration of the '737 Patent.

76.     Defendants' actions indicate its intention to manufacture, offer to sell, and sell Par's ANDA Product before expiration of the '737 Patent, and further indicate a refusal to change the course of its action in the face of acts by Endo.

77.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Par's ANDA Product before expiration of the '737 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '737 Patent under 35 U.S.C. § 271(a)-(c).

78.     Endo is entitled to a declaratory judgment that any commercial manufacture, use, offer for sale, sale, and/or importation of Par's ANDA Product by Defendants before expiration of the '737 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '737 Patent.

## ENDO AND MALLINCKRODT'S COUNT VII:
## INFRINGEMENT OF THE '779 PATENT

79.     Endo and Mallinckrodt incorporate each of paragraphs 1-42 above as if set forth fully herein.

80.     The submission of Par's ANDA No. 20-4340 to FDA constitutes infringement of the '779 Patent under 35 U.S.C. § 271(e)(2)(A).

81.     Par is seeking FDA approval to engage in the commercial manufacture, use, or sale of its ANDA Product before expiration of the '779 Patent.  On information and belief, if granted approval, Par intends to launch Par's ANDA Product before expiration of the '779 Patent.

82.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Par's ANDA Product before expiration of the '779 Patent will constitute direct infringement,

contributory infringement, and/or active inducement of infringement of the '779 Patent under 35 U.S.C. § 271(a)-(c).

83.     Any launch by Par of its ANDA Product before expiration of the '779 Patent would cause Endo and Mallinckrodt to suffer immediate and irreparable harm.

84.     Upon information and belief, Defendants are aware of the existence of the '779 Patent, and are aware that the commercial manufacture, sale, and offer for sale of Par's ANDA Product constitutes infringement of the '779 Patent.

**ENDO AND MALLINCKRODT'S COUNT VIII:**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '779 PATENT**

85.     Endo and Mallinckrodt incorporate each of paragraphs 1-42 and 79-84 above as if set forth fully herein.

86.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

87.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

88.     Defendants have made and will continue to make substantial preparation in the United States to manufacture, offer to sell, and sell Par's ANDA Product before expiration of the '779 Patent.

89.     Defendants' actions indicate its intention to manufacture, offer to sell, and sell the Par's ANDA Product before expiration of the '779 Patent.

90.     Any commercial manufacture, use, offer for sale, sale, and/or importation of Par's ANDA Product before expiration of the '779 Patent will constitute direct infringement,

contributory infringement, and/or active inducement of infringement of the '779 Patent under 35 U.S.C. § 271(a)-(c).

91.     Any launch by Par of its ANDA Product before expiration of the '779 Patent would cause Endo and Mallinckrodt to suffer immediate and irreparable harm.

92.     Plaintiffs are entitled to a declaratory judgment that any commercial manufacture, use, offer for sale, sale, and/or importation of Par's ANDA Product by Defendants before expiration of the '779 Patent will constitute direct infringement, contributory infringement, and/or active inducement of infringement of the '779 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Endo and Mallinckrodt respectfully request the following relief:

A.     A judgment that Par has infringed the '737 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Product would infringe the '737 Patent;

B.     A declaration that the '737 Patent is valid and enforceable;

C.     A judgment that Par has infringed the '779 Patent, and a declaration that Par's commercial manufacture, distribution, use, and sale of its ANDA Product would infringe the '779 Patent;

D.     A declaration that the '779 Patent is valid and enforceable;

E.     An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of Par's ANDA No. 20-4340 under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), shall not be earlier than the last expiration date of the '737 and '779 Patents, including any extensions;

F.      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283, restraining and enjoining Par, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, from infringement of the '737 and '779 Patents for the full terms thereof, including any extensions;

G.      An order that damages or other monetary relief be awarded to Plaintiffs if Par engages in the commercial manufacture, use, offer to sell, sale, distribution or importation of Par's ANDA Product, or in inducing such conduct by others, prior to the expiration of the '737 and '779 Patents, and any additional period of exclusivity to which Plaintiffs are or become entitled, and that any such damages or monetary relief be trebled and awarded to Plaintiffs with prejudgment interest;

H.      Reasonable attorneys' fees, filing fees, and reasonable costs of suit incurred by Endo in this action; and

I.      Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Jonathan D. Loeb
DECHERT LLP
2440 W. El Camino Real
Suite 700
Mountain View, CA  94040
(650) 813-4800

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
(215) 994-4000

Robert D. Rhoad
DECHERT LLP
902 Carnegie Center
Suite 500
Princeton, NJ 08540
(609) 955-3200

*Attorneys for Endo Pharmaceuticals Inc.*

Jeffrey J. Toney
KASOWITZ BENSON TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 94065
(650) 453-5170

*Attorneys for Mallinckrodt LLC*

November 7, 2014

8639013